## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 4:07-CR-00184-ERW |
| | ) | |
| v. | ) | |
| | ) | |
| SAMMY JEFFERSON | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

### DEFENDANT SAMMY JEFFERSON'S SENTENCING MEMORANDUM

COMES NOW, defendant, Sammy Jefferson, by and through his attorney, Bryan S. Johnson, and files the following memorandum regarding defendant's sentence.

### PLEA AGREEMENT

Defendant, Sammy Jefferson is a 29 year old male who presents himself before this Honorable Court for sentencing after pleading guilty, pursuant to a Plea Agreement, to the charge of Conspiracy to Distribute and Possess With the Intent to Distribute Cocaine and Distribution of Cocaine. Under the Plea Agreement the parties stipulated that the amount of cocaine attributed to the defendant was more than 15 kilograms and less than 50 kilograms, based upon his presence during a narcotics transaction on June 13, 2006. Thus, resulting in a guideline base offense level of 34 as found in Section 2D1.1(c)(3). Additionally, the parties agreed that the Defendant possessed a firearm during the course of the offense and that two (2) additional levels are added pursuant to Section 2D1.1(b)(1). The parties agreed that a three level reduction for acceptance of responsibility is appropriate, leaving the defendant with an estimated total offense level of 33.

## SENTENCING GUIDELINES

The PSR filed by Officer Janis R. Lasswell of the United States Office calculated his base offense to be a thirty-four (34).  The defendant has a criminal history of VI.  The guideline imprisonment range is from 235 to 293 months; however, as indicated in the PSR the Defendant is subject to an undischarged term of imprisonment (see minimum section of PSR page 14 and 15).

## IMPOSITION OF SENTENCE

I.      The Nature and Circumstances of the Offense History and Characteristics of Defendant Sammy Jefferson.

1.      Nature of Offense.

The Presentence Report correctly sets forth the nature of the offense as was agreed to by the Government and Defendant in its Plea Agreement; however, as noted in the Objection filed by the Defendant, he was only present during the narcotics transaction that occurred on June 13, 2006, and never handed a suitcase to co-defendant Mitchell on the date in question .  As the Presentence Report (page 14) reflects, for each of counts one and four, the minimum term of imprisonment is ten years, and the maximum is life imprisonment, together with a term of at least five (5) years of supervised release following his release from incarceration.

2.      **Defendant's Health Status.**

As indicated in the PSR, paragraph 97, the Defendant suffers from asthma and uses an inhaler as needed. The Defendant is reportedly in overall good health; however, the Defendant is not under the care of a physician.

3.      **Substance Abuse History**

As indicated in the PSR, paragraph 99, Mr. Jefferson describes himself as a social drinker who never consumes alcohol to the point of intoxication.  As a teenager the defendant experimented with marijuana, with his last use occurring in 2004.  From 2000 to 2003, the Defendant used ecstasy every other day.  According to MBPP records, the Defendant attended outpatient substance abuse treatment BASIC in St. Louis, Missouri in 2000.  Based on the above

noted history the Defendant will be making a request for placement in the Residential Drug Abuse Program while in the Bureau of Prisons. The Defendant believes that the services of a drug abuse and treatment specialist, along with a support group will be invaluable in his attempt to remain sober and drug free during incarceration and once released into the community.

**4.      Defendant's Financial Condition.**

As stated in the PSR, paragraph 108, Mr. Jefferson has a reported unknown negative net worth and no income or expenditures due to his incarceration. Based upon this information and the Defendant's responsibilities toward his children, it does not appear that he has the ability to pay a fine as required by the guidelines.

**5.      Defendant's Personal and Family History.**

Mr. Jefferson is twenty-nine (29) years old. He completed ninth grade at Roosevelt High School in St. Louis, Missouri. The Defendant obtained his GED from the State of Maine in January 2005. The Defendant would like to pursue a career in entertainment promotions once released from the Bureau of Prisons.

**6.      Defendant's Criminal History.**

As the PSR indicates, on February 5, 1997, Mr. Jefferson was found guilty of Stealing in the Municipal Court, Richmond Heights, Missouri, for which he was sentenced. Two years probation; discharged on October 21, 1998.

On June 27, 1997, Mr. Jefferson was convicted of the charge of Possession of a Controlled Substance, Circuit Court, St. Louis, Missouri. For which he was sentenced to two years probation; on June 24, 1999, his probation was extended for two years; on March 16, 2000 probation was revoked and sentenced to three years MDC, he was paroled on August 16, 2000, his parole was revoked on April 11, 2002; before ultimately being discharged on May 7, 2003.

On June 27, 1999, Mr. Jefferson was convicted of 2 counts: Illegal Possession of Cocaine Base and Illegal Possession of Marijuana Under 35 Grams, Circuit Court, St. Louis, Missouri, for which he was placed on two years probation on each count, before ultimately being discharged on May 7, 2003.

Finally on June 27, 1997, Mr. Jefferson was convicted of Trafficking Drugs 2nd Degree, Circuit Court, St. Louis, Missouri, for which he was placed on two years probation before being discharged on March 16, 2000.

On August 9, 2004 the Defendant was sentenced to forty days jail for the charge of General Peace Disturbance in the Municipal Court, St. Louis, Missouri.

On December 11, 2003 the Defendant was sentenced to five days jail for the charge of Assaulting a Person in the Municipal Court, St. Louis, Missouri.

On January 29, 2003, Mr. Jefferson was charged with Felon in Possession of a Firearm, U.S. District Court, Eastern District of Missouri. On September 24, 2003 the Defendant was sentenced by the Honorable E. Richard Webber to 37 months in the Bureau of Prisons (BOP) and three years supervised release. On July 11, 2007, the supervised release was revoked and the Defendant was sentenced to 22 months BOP.

**7.      Needs of the Public.**

Based on the above noted prior criminal convictions involving the sale or possession of controlled substances, it would appear that the Defendant has never been convicted of a violent crime. Accordingly, it would appear that any needs of the public would be limited as long as Mr. Jefferson avoids using illegal drugs or alcohol.

**II.      Title 18 U.S.C. Section 3553**

Title 18 Section 3553 of the United States Code sets out factors to be considered in imposing sentence and states that "the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection". Subsection (2) of Section 3553 states:

(2)      the need for the sentence imposed-

(A)      to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offense;

(B)      to afford adequate deterrence to criminal conduct;

(C)      to protect the public from further crimes of the defendant; and

(D)    to provide the defendant with needed educational or vocational training, medical care, or other correction treatment in the most effective manner.

## Conclusion

The Defendant respectfully requests that this Honorable Court taking into consideration the above noted points as well as oral argument offered by counsel on the record to:

1.    Render a sentence with special conditions that the defendant receive drug testing and treatment.

2.    Render a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in Section 3553;

3.    Consider mitigating factors pursuant to Title 18 U.S.C. Section 3661 when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing including but not limited to the defendant's prior drug use and lack of education, present physical condition, mental health diagnosis, testimony offered for sentencing purposes, age, and statements of family and friends regarding Defendant's character.

4.    Recommend to the Bureau of Prisons if applicable that defendant be screened for the 500 hour Residential Drug Abuse Program while incarcerated; and

5.    Recommend to the Bureau of Prisons that defendant be placed in a facility as close to St. Louis Metropolitan area as possible to serve his sentence.

6.    Waive any fine to be imposed; order the Special Assessment of $100; and for such other Orders as the Court deems just and proper.

Respectfully submitted,

/s/ Bryan S. Johnson
Bryan S. Johnson #514331
Attorney for Defendant
Johnson Law Offices
201 North Kingshighway
St. Charles, Missouri 63301
(636) 916-5529
(636) 916-4956 - Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of January, 2008, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Dean Hoag, Assistant United States Attorney, 111 South 10th Street, 20th Floor, St. Louis, Missouri 63102.

I hereby certify that on the 4th day of January, 2008, the foregoing was sent via facsimile (314)244-6735 to Janis R. Lasswell, United States Probation Officer, 111 South 10th Street, Suite 2. 325, Saint Louis, Missouri 63102.

Respectfully Submitted,

/s/ Bryan S. Johnson

Bryan S. Johnson #514331
Attorney for Defendant
    Johnson Law Offices
201 North Kingshighway
St. Charles, Missouri 63301
(636) 916-5529
(636) 916-4956 - Facsimile